## John Harrington v. Nichols et al.

The plaintiff leased his steamboat by public act, in which, as additional security for the performance of the stipulations of the lessees, the parties annexed and made a part of the act, a bond, signed by the lessees, with *B.* and *M.* as securities. The condition of the bond bound the obligors to some, but not to all of the obligations of the lessees, resulting from the lease. The owner of the boat sought to bind the securities on the bond for a non-compliance with the stipulations of the lease, some of which formed no part of the obligations resulting from the bond. *Held*: It is true that the lease and the bond were executed at the same time; but, as the same parties did not sign both, they cannot be viewed as one contract in relation to the sureties, who only signed the bond. The declaration of the lessees, in the contract of lease, cannot prejudice their sureties, who can only be held bound as they agreed to bind themselves.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Mott* and *Ogden*, for plaintiff. *Roselius* and *Emerson*, for defendants.

By the court:

Rost, J. The plaintiff leased the steamer Nathan Hale, for six months, to *Peter Nicholls*, *J. H. Miller* and *J. R. Hartzock*, at the rate of $450 per month, payable in advance. The lessees bound themselves to deliver the boat to the lessor at the wharf, in this city, at the expiration of the lease, in the same good order in which they took her, the ordinary wear and tear excepted, and as clear of debt as they received her. The act of lease contains the following clause :

"The contracting parties, the better to secure the execution of the present contract, and the payment of the six installments afore-mentiond, have requested the undersigned notary to annex to the present deed, to be considered as a part thereof, a certain bond, for the sum of $3000, bearing date the 19th inst., signed by *Messrs. Peter Nicholls*, *James H. Miller*, and *J. R. Hartzock*, as principals: and *C. C. Burr* and *J, F. Mayer*, as security; which bond has been signed by me, the notary, to identify it herewith, and receive, when necessary, its full execution."

The condition of the bond referred to is simply, that, if at the expiration of the lease, the lessees shall deliver the steamer to the plaintiff, or his agent, at the wharf, in the city of New Orleans, in the same good order in which they take her, the ordinary wear and tear of the boat excepted, and as clear of debt as they receive her, and, in case of loss, shall pay the sum of $3000, the insurance which they engage to effect upon said steamer, the obligation is to be null and void, otherwise to remain in full force.

The lessees failed to deliver the boat in New Orleans at the expiration of the lease. The plaintiff found her at St. Louis, where she had been attached for privileged debts, contracted by them, and was compelled to pay those debts before he could take possession of her. He claims, in this suit, from the lessees and from their sureties, *in solido*, the amount thus paid by him ; also the amount of a bill for servant hire and groceries sold to the lessees, and a balance due on the two last installments of the lease.

The answer sets up many grounds of defence, but the only two relied on in this court, by *Mayer*, the only appellant, are the following : that the sureties are not bound for the arrears due on the two last installments of the lease; and further, that the amounts which the plaintiff pretends to have received on account of

said installments, should be imputed to the debts, for which the sureties agreed to HARRINGTON
become liable. *Mayer*, one of the sureties, has appealed from the judgment *v.*
allowing the entire claim of the plaintiff, and the latter has joined in the appeal, NICHOLS.
praying that the judgment be amended in his favor.

It is true, that the lease and the bond were executed at the same time. But, as the same parties did not sign both, they cannot be viewed as one contract in relation to the sureties, who only signed the bond. The declaration of the lessees, in the contract of lease, cannot prejudice them, and they can only be held bound as they agreed to bind themselves. It may have been the intention of all the parties, that the contract of suretyship should extend to the installments of the lease. But, we cannot go behind the acts to ascertain that intention; and if they even leave the liability of the sureties doubtful, the doubt must inure to their benefit.

The imputation which the defendant and appellant now attempts to make, is not authorized by the facts of the case. Some of the payments were expressly on account of the lease, and all were made long before his liability on the bond accrued, in consequence of the payment, by the plaintiff, of the debts of the boat in St. Louis. At the date of those payments, it is not shown that anything was due by the lessees, except the unpaid installments of the lease, and the amount of the plaintiff's bill for groceries and servant hire. His consent that the payments not expressly made on account of the lease, be first applied to the payment of this bill, and that the balance remaining be imputed on the lease, does full justice to the appellant.

It is admitted, that the plaintiff had to pay $718 46, in St. Louis, for privileged debts existing on the boat. For this sum, with legal interest from judicial demand, the appellant is clearly liable. We will further allow fifty dollars damages for the non-delivery of the boat in New Orleans, clear of debt.

It is therefore ordered, that the judgment, so far as appealed from, be reversed. It is further ordered, that the plaintiff recover from the defendant, *J. F. Mayer*, $768 46, with legal interest from the 10th of August, 1847, till paid, with the costs of the district court; those of this appeal to be paid by the plaintiff and appellee.

---

## SAME CASE—ON A RE-HEARING.

By the court:

ROST, J. In this case, the court having overlooked an agreement, in the record, by which the defendant, *Maria F. Burr*, administratrix of the succession of *C. C. Burr*, was authorized to prosecute her appeal without giving bond, a re-hearing was granted as to her.

The argument in support of her application has failed to convince us, that there was error in the judgment, to the prejudice of her co-defendant. The same judgment must, therefore, be entered against her.

It is ordered, that the judgment of the court below, rendered against *Maria F. Burr*, administratrix of *C. C. Burr*, be reversed. It is further ordered, that the plaintiff recover from the defendant, *Maria F. Burr*, in her said capacity, $768 66, with legal interest from the 10th of August, 1847, till paid, and the costs of the district court; those of this appeal to be paid by the plaintiff and appellee